IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL ESQUIVEL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO.: |
| | ) | |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, d/b/a TEXAS MEXICAN RAILROAD, TEXAS MEXICAN RAILWAY COMPANY, and KALTHIA HOTEL MANAGEMENT, LLC, d/b/a HOLIDAY INN SHREVEPORT DOWNTOWN | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

### **Count I - Federal Employers' Liability Act**

COMES NOW Plaintiff, MICHAEL ESQUIVEL, by and through his undersigned counsel, and for Count I of this cause of action against Defendant, KANSAS CITY SOUTHERN RAILWAY COMPANY (KCS), d/b/a TEXAS MEXICAN RAILWAY COMPANY, a corporation, states as follows:

1. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. as explained below, and this Court has subject matter jurisdiction pursuant to 45 U.S.C. §56, which states, "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in

interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

4. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business by and through its subsidiary, as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

5. On or about October 11, 2021, Plaintiff was a guest at the Holiday Inn Shreveport Downtown. He was in Shreveport doing the business of KCS, and was a guest at that lodging at the instruction of KCS.

6. As Plaintiff was getting out of bed, the bed suddenly collapsed causing Plaintiff to fall to the ground.

7. At all times pertinent herein, KCS engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to provide Plaintiff a reasonably safe place to work;

(b) Defendant failed to provide reasonably safe lodging for its employees;

(c) Defendant failed to verify that the Holiday Inn maintained its rooms in a reasonably safe condition;

(d) Defendant failed to give Plaintiff the option of staying at alternative lodging in the area;

(e) Defendant failed to perform any audits of the lodging it selected for use by its employees;

(f) Defendant failed to implement any policies or procedures that would ensure reasonably safe lodging for its employees;

(g) Any other acts of negligence identified in discovery.

8. KCS's conduct as set forth above was negligent.

9. KCS's conduct as more fully set forth above caused Plaintiff to suffer, in whole or in part, injury and/or the development of pain in his spine, lower back and leg (including his hip and his knee), weight gain, and emotional distress, including but not limited to PTSD, anxiety and depression.

10. As a result of KCS's conduct as set forth above, KCS failed to provide Plaintiff with a reasonably safe place to work and reasonably safe lodging.

11. Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer extreme pain and suffering, disability, loss of a normal life, and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of the jurisdictional amount.

WHEREFORE, Plaintiff, MICHAEL ESQUIVEL, prays for judgment in his favor and against Defendant, KANSAS CITY SOUTHERN RAILWAY COMPANY, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with his costs herein expended, legal interest, and for such other and further relief as the Court deems just and proper in these circumstances.

### Count II - Federal Employers' Liability Act

COMES NOW Plaintiff, MICHAEL ESQUIVEL, by and through his undersigned counsel, and for Count II of this cause of action against Defendant, TEXAS MEXICAN RAILWAY COMPANY ("TMR"), a corporation, states as follows:

1. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. as explained below, and this Court has subject matter jurisdiction pursuant to 45 U.S.C. §56,

which states, "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."

2. Plaintiff is a resident of Webb County, Texas.

3. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

4. Defendant is now and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as the subsidiary of Defendant KANSAS CITY SOUTHERN RAILWAY COMPANY (KCS), d/b/a TEXAS MEXICAN RAILWAY COMPANY, as a common carrier by railroad in interstate commerce and does business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

5. Plaintiff brings this count in the alternative to Count I. This Defendant's name is listed on Plaintiff's pay stubs, but the mailing address listed on those pay stubs is identical to the mailing address for Defendant KANSAS CITY SOUTHERN RAILWAY COMPANY (KCS) listed with the Louisiana Secretary of State. This Defendant has not registered with the Louisiana Secretary of State.

6. On or about October 11, 2021, Plaintiff was a guest at the Holiday Inn Shreveport Downtown. He was in Shreveport doing the business of one or both of Defendants KCS and TMR, and was a guest at that lodging at the instruction of one or both of Defendants KCS and TMR.

7. As Plaintiff was getting out of bed, the bed suddenly collapsed causing Plaintiff to fall to the ground.

8. At all times pertinent herein, TMR engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to provide Plaintiff a reasonably safe place to work;

(b) Defendant failed to provide reasonably safe lodging for its employees;

(c) Defendant failed to verify that the Holiday Inn maintained its rooms in a reasonably safe condition;

(d) Defendant failed to give Plaintiff the option of staying at alternative lodging in the area;

(e) Defendant failed to perform any audits of the lodging it selected for use by its employees;

(f) Defendant failed to implement any policies or procedures that would ensure reasonably safe lodging for its employees;

(g) Any other acts of negligence identified in discovery.

9. TMR's conduct as set forth above was negligent.

10. TMR's conduct as more fully set forth above caused Plaintiff to suffer, in whole or in part, injury and/or the development of pain in his spine, lower back and leg (including his hip and his knee), weight gain, and emotional distress, including but not limited to PTSD, anxiety and depression.

11. As a result of TMR's conduct as set forth above, TMR failed to provide Plaintiff with a reasonably safe place to work and reasonably safe lodging.

12. Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer extreme

pain and suffering, disability, loss of a normal life, and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of the jurisdictional amount.

WHEREFORE, Plaintiff, MICHAEL ESQUIVEL, prays for judgment in his favor and against Defendant, TEXAS MEXICAN RAILWAY COMPANY, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with his costs herein expended, legal interest, and for such other and further relief as the Court deems just and proper in these circumstances.

**Count III – Premises Liability**

COMES NOW Plaintiff, MICHAEL ESQUIVEL, by and through his undersigned counsel, and for Count III of this cause of action against Defendant, KALTHIA HOTEL MANAGEMENT, LLC d/b/a HOLIDAY INN SHREVEPORT DOWNTOWN (Kalthia), a corporation, states as follows:

1. This Honorable Court has jurisdiction over plaintiff's claims against Kalthia in diversity pursuant to 28 U.S.C. 1332 and the defendant is liable to the plaintiff under the laws and statutes of the State of Louisiana, including but not limited to La. C.C. Art. 2315, et seq.

2. Plaintiff is a resident of Webb County, Texas and a citizen of the State of Texas.

3. Defendant is now and was at all times herein mentioned a limited liability company duly organized and existing according to law engaged in business as a hotel management company, and does business within this Court's geographical jurisdiction.

4. On information and belief, the sole member of Defendant is a citizen of the State of California.

5. On or about October 11, 2021, Plaintiff was a guest at the Holiday Inn Shreveport Downtown, and as such was an invitee on Kalthia's premises.

6. As Plaintiff was getting out of bed, the bed suddenly collapsed causing Plaintiff to fall to the ground.

7. At all times pertinent herein, Kalthia engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to adequately inspect the furniture in its facility to verify that it was safe for use by guests;

(b) Defendant failed to properly assemble the furniture in its facility to verify that it was safe for use by guests;

(c) Defendant failed to train its employees in the proper method to inspect the furniture in its facility;

(d) Defendant failed to maintain the furniture in its facility to verify that it was safe for use by guests;

(e) Defendant failed to implement any policies or procedures that would ensure reasonably safe lodging for its guests;

(f) Defendant failed to train its employees in the proper method to assemble furniture in its facility so it would be safe for use by its guests;

(g) Defendant failed to train its employees in the proper method to maintain the furniture in its facility so it would be safe for use by its guests;

(h) Defendant failed to implement any policy of preventative maintenance that would have identified defects with the furniture;

(i) Any other acts of negligence identified in discovery.

8. Kalthia's conduct as set forth above was negligent.

9. Kalthia's conduct as more fully set forth above proximately caused Plaintiff to suffer injury and/or the development of pain in his spine, lower back and leg (including his hip

and his knee), weight gain, and emotional distress, including but not limited to PTSD, anxiety and depression.

10. As a result of Kalthia's conduct as set forth above, Defendant failed to provide Plaintiff reasonably safe lodging.

11. As a proximate result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer extreme pain and suffering, disability, loss of a normal life, and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of the jurisdictional amount.

WHEREFORE, Plaintiff, MICHAEL ESQUIVEL, prays for judgment in his favor and against Defendant, KALTHIA HOTEL MANAGEMENT, LLC d/b/a HOLIDAY INN SHREVEPORT DOWNTOWN, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with his costs herein expended, legal interest, and for such other and further relief as the Court deems just and proper in these circumstances.

        Respectfully submitted,

        s/ *David C. Whitmore*
        KRISTI A. POST  (17752)
        DAVID C. WHITMORE (17864)
        BLAKE JONES LAW FIRM, LLC
        701 Poydras St., Suite 4100
        New Orleans, Louisiana  70139
        Telephone:  (504) 525-4361
        Facsimile:  (504) 525-4380
        dcw@nola-law.com
        kpost@nola-law.com

        Charles W. Armbruster, III (*pro hac vice application to be filed*)

        Michael T. Blotevogel (*pro hac vice application to be filed*)
Armbruster Dripps Blotevogel LLC
51 Executive Plaza Court
Maryville IL 62062
Phone: 800/917-1529
Fax:     800/927-1529
**charlesa@adwblaw.com**
**mikeb@adwblaw.com**

***ATTORNEYS FOR PLAINTIFF***